UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

ELVIS GREEN,

                      Plaintiff,

v.                                                Case No. 21-1273-DDC

BUTTONWOOD TREE, GR LLC, et al.,

                      Defendants.

**ORDER TO SHOW CAUSE**

Plaintiff's complaint alleges this federal court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse. However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where it's incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). And if the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002). The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And, it "must dismiss the cause at any stage of the proceedings in which

it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, although the complaint asserts defendants Buttonwood Tree, Gr LLC and Broad Management Group LLC are a Delaware corporation and a New York corporation, respectively, with their principal places of business "in a State other than the State of Kansas," the suffix of each entity's name suggests defendants are limited liability companies, not corporations. The complaint further refers to the "members" of each defendant (i.e., not shareholders), but asserts only generally that all members of each defendant "reside, are domiciled, and are citizens of states other than Kansas." Defendants' jointly-filed answer (ECF No. 5) provides no clarity, insofar as defendants claim to lack knowledge or information sufficient to form a belief as to the truth of each of the foregoing jurisdictional allegations. Thus, these allegations are insufficient for the court to ensure that diversity jurisdiction exists.

**IT IS THEREFORE ORDERED** that by **January 4, 2022,** the parties file a joint status report, with affidavits attached, demonstrating the citizenship of each of the defendants and showing cause why this case should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated December 14, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge